# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DISTRICT

| | |
|---|---|
| **SHARON DELANEY** | **PLAINTIFF** |
| **V.** | **CASE NO. 2:02cv312** |
| **WAL-MART STORES, INC.** | **DEFENDANT** |

## MEMORANDUM OPINION

This cause comes before the Court on the defendant's motion for summary judgment [72-1] and the plaintiff's motion to strike the motion for summary judgment [74-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiff is Sharon Delaney, a Mississippi resident. The defendant is Wal-Mart Stores, Inc. ("Wal-Mart"), an Arkansas corporation which operated a Wal-Mart store in Batesville, Mississippi. Delaney worked for Wal-Mart as Store Manager for the Batesville store for about six years until she was fired on November 26, 2001. Wal-Mart asserts that Delaney's discharge was in response to her involvement in a scheme to delete overtime from the pay of Wal-Mart employees. Delaney, who denies any involvement with the alleged scheme to delete overtime, claims that she was actually discharged on the basis of her race and sex, since white males also alleged to be involved in the overtime scheme were not discharged. Delaney also claims that her termination was in response to her request for leave to care for her dying daughter pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2001(B)(1) *et seq*. Finally, Delaney alleges various state law claims.

This Court has previously considered a motion by Wal-Mart for summary judgment, granting it in part and denying it in part. Wal-Mart has since filed a second motion for summary judgment under the theory of judicial estoppel. Specifically, Wal-Mart argues that Delaney failed to fully identify and describe her claims in the instant suit on any Bankruptcy Schedule or in her Statement of

Financial Affairs which she filed out as part of bankruptcy proceedings initiated by her on September 28, 2004. The Bankruptcy Court confirmed Delaney's Debtor's Plan on March 17, 2005. Wal-Mart argues that this failure estops Delaney from pursuing her claim at all or, alternately, limits the amount she can receive as a verdict to $10,000.00. For her part, Delaney seeks to strike Wal-Mart's motion for summary judgment.

Turning first to the motion to strike, Delaney argues that the summary judgment motion is untimely because it was filed over one year after the dispositive motions deadline. In response, Wal-Mart notes that the bankruptcy petition itself was not filed until six months after the motions deadline ran out and also that Rule 56 permits parties to file a summary judgment motion at any time. The Court agrees with Wal-Mart's position and DENIES the motion to strike.

Turning to the summary judgment matters, the sole issue for consideration is whether Delaney's failure to list the instant suit should bar her claims under the doctrine of judicial estoppel. The doctrine of judicial estoppel is articulated by the Fifth Circuit as follows:

> Judicial estoppel is "a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position." The purpose of the doctrine is "to protect the integrity of the judicial process", by "prevent[ing] parties from playing fast and loose with the courts to suit the exigencies of self interest." Because the doctrine is intended to protect the judicial system, *rather than the litigants,* detrimental reliance by the opponent of the party against whom the doctrine is applied is not necessary.

In re Coastal Plains, Inc., 179 F.3d 197, 205 (5th Cir. 1999)(emphasis in original)(internal citations omitted).

The Fifth Circuit describes three elements which must be proven before judicial estoppel can be applied: (1) the position of the party to be estopped must be clearly inconsistent with a prior legal position; (2) the party to be estopped must have convinced a court to accept the prior position; and

(3) the party acted intentionally, not inadvertently. In re Coastal Plains, 179 F.3d at 206. In this context, "inadvertence" means that the debtor either did not know of the facts giving rise to the claim or that she had absolutely no motive to conceal them from the court. Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600-01 (5th Cir. 2005).

In the case at bar, Delaney argues that the first element is not met because her position is not clearly inconsistent with her bankruptcy filings. Specifically, Delaney points out that, while she failed to note her existing employment discrimination claim on her Statement of Financial Affairs, she did list a $10,000.00 claim for a "personal injury lawsuit" on page 2 of her Bankruptcy Schedule. Delaney argues that this "personal injury lawsuit" refers to the instant suit, which is the only lawsuit to which Delaney has been a party and which does include a claim for emotional distress. Delaney attributes her failure to list this suit on her Statement of Financial Affairs to mistake on the part of her bankruptcy attorney.

The doctrine of judicial estoppel is well-established in this Circuit. However, in all of the Fifth Circuit precedent before the Court, the party against whom judicial estoppel has been invoked failed entirely to list the pending lawsuit as an asset *in any way*. See In re Coastal Plains, 179 F.3d at 210 (debtor failed to identify claim in any way); Kamont v. West, 83 Fed.Appx. 1 (5th Cir. 2003)(unpublished)(debtor failed to identify claim in any way); In re Superior Crewboats, Inc., 374 F.3d 330 (5th Cir. 2004)(debtors failed to disclose $2.5 million claim in "no asset" bankruptcy case); Jethroe, 412 F.3d 599 (debtor declared under penalty of perjury that she had no contingent or unliquidated claims of any kind nor any suits or administrative proceedings).

The Court is aware of no precedent for applying judicial estoppel in a case where a debtor-plaintiff lists the pending lawsuit on her bankruptcy schedules but the defendant still challenges the

3

admission as being insufficient to put creditors on notice of the claim. However, the Sixth Circuit, in a case which relied upon In re Coastal Plains for its holding, concluded that judicial estoppel could not be established where the Bankruptcy Trustee had notice of the claim, even where the claim was not even listed on the bankruptcy schedules. Eubanks v. CBSK Financial Group, Inc., 385 F.3d 894, 898 (6th Cir. 2004). As noted above, the first element of the Coastal Plains test requires Wal-Mart to show that Delaney's bankruptcy filings were *clearly* inconsistent with maintaining her current claim. The Court concludes that the listing of the claim on Delaney's Bankruptcy Schedule, even if erroneously listed as a personal injury lawsuit, sufficiently put her creditors on notice of the existing claim so as to preclude the application of judicial estoppel.

Wal-Mart also argues that even if the Court rejects its arguments for judicial estoppel, Delaney's damages should still be limited to $10,000.00, which was the value she listed for the lawsuit on her Bankruptcy Schedule. In support of this argument, Wal-Mart relies on two cases from the Eastern District of Kentucky in which a federal court adopted the plaintiff's position that she was seeking less than the amount-in-controversy required for federal jurisdiction and consequently barred the plaintiff from seeking a larger verdict on remand to state court. See Fenger v. Indexx Laboratories, Inc., 194 F.Supp.2d 601, 605 (E.D. Ken 2002) and Ratliff v. Merck & Co., Inc., 359 F.Supp.2d 571, 576 (E.D. Ken. 2005). The Court agrees with Wal-Mart that a plaintiff who asserts that her claim is worth less than the minimum amount-in-controversy necessary to maintain diversity jurisdiction is barred from pursuing more than that amount after remand to state court. However, the question before the Court is whether Delaney's assessment of the value of her suit on her Bankruptcy Schedules represents the same kind of binding assertion.

For her part, Delaney denies that listing $10,000.00 as the value of her law suit served as a representation as to the suit's actual value. Rather, Delaney argues that at the time she completed the

4

Bankruptcy Schedules, the suit was a contingent, unliquidated claim whose true value could not be ascertained. Consequently, Delaney simply listed the value of the law suit as being equal to the maximum exemption that could be claimed for such a suit under Mississippi law, rather than the actual value of the law suit which could not actually be determined at the time. Delaney avers that this is common practice in bankruptcy law when listing contingent, unliquidated law suits as exempted assets.

In support of this position, Delaney relies chiefly on <u>Allen v. Green</u>, 31 F.3d 1098 (11th Cir. 1994). There, the Eleventh Circuit held that a debtor who claimed an exemption for a pending law suit with a listed market value of one dollar was entitled to keep the entire jury award of $15,000.00 because the Trustee failed to timely object to the claimed exemption. <u>Allen</u>, 31 F.3d at 1100-01. <u>See also</u> <u>In re Ward</u>, 1999 WL 33581999 (Bankr. S.D. Ga.)(interpreting claimed exemption of law suit with value of "0.00" as intention to claim full value of lawsuit). <u>But</u> <u>see</u> <u>Addison v. Reavis</u>, 158 B.R. 53, 55 (E.D. Va. 1993)(holding that "where a debtor attaches a precise value to the interest he is claiming under the Virginia homestead exemption and does not amend that value upward within the amount allowed under Virginia homestead law . . . the debtor's exemption for that interest is limited to the precise value the debtor listed as exempt, regardless of the trustee's failure to object to the exemption.")

As noted previously, the first element the defendant must prove when asserting a judicial estoppel defense is to show that the plaintiff's prior position is *clearly* inconsistent with the current position. In the absence of any Fifth Circuit precedent, the Court relies on the reasoning of <u>Allen</u> and <u>In re Ward</u> and concludes that Delaney, by listing her lawsuit as having a value equal only to the statutory exemption, merely sought to put creditors on notice of the existence of an unliquidated, contingent claim and that she did not intend to limit the actual value of her claim to only $10,000.00. Accordingly, the doctrine of judicial estoppel does not act to limit her damages to that amount.

5

Based on the foregoing analysis, it is hereby ORDERED that the defendant's motion for summary judgment is DENIED. A separate order to that effect shall issue this day.

This is the 5th day of December, 2005

    __/s/ Michael P. Mills__
    **UNITED STATES DISTRICT JUDGE**